Bradley, of which he was a member, and took of the firm as security a note and mortgage payable to the order of the plaintiff — the execution of the note and mortgage was wholly unknown to the plaintiff at the time, and was not discovered until a number of years thereafter when they were found among Follett's papers, he having become insane — it was held that there was a valid delivery to the plaintiff. (*Tucker* v. *Bradley*, 33 Vt., 325.)

On the whole, therefore, we think that the referee was, under the circumstances, justified in finding a sufficient delivery to the plaintiff to give effect to the note, which, as before stated, imported by express declaration on its face to have been made for *money borrowed.*"

*D. Pratt*, for the appellants. *Wm. C. Ruger*, for the respondent.

Opinion by TALCOTT, P. J., SMITH, J., concurred· HARDIN, J., not sitting.

Judgment and order affirmed.

---

JOHN EDICK, RESPONDENT, *v.* JONATHAN M. DAKE, APPELLANT.

*Action for deceit — reservation in lease of right to sell — construction of — when it applies only to the transfer of the rents reserved, and when it terminates the interest of the tenant.*

APPEAL from a judgment of the Livingston County Court, entered on a verdict in favor of the plaintiff, rendered in that court upon a new trial of an action appealed from a justice's court.

The action was brought to recover damages for fraud and deceit. The fraud imputed to the defendant consisted in his inducting the plaintiff to enter into and accept a lease of the defendant's farm, by falsely reading its contents and misrepresenting the same. The lease bore date on the 15th of February, 1875, and was for the term of five years from the first day of April then next. It contained the following condition: "The said Dake" (the defendant) "reserves the right to sell the farm, or a portion of it,

as it may be for his interest, at any time, by allowing said Edick to harvest and dispose of what he has then sown on the portion sold." The plaintiff alleges that the prior verbal agreement was that he was to have the farm for one year at any rate, and for five years if the defendant did not sell; and he further alleges that when the lease was signed, he being unable to read, the defendant read and represented it as in accordance with such verbal agreement, and did not read the condition above transscribed. The plaintiff moved some furniture and grain on to the farm; but before the first of April the defendant sold, and the purchaser refused to let the plaintiff take possession under the lease. The jury found for the plaintiff in the sum of $150.

The court, at General Term, said: "It is contended by the counsel for the appellant, that the condition which the plaintiff alleges was fraudulently inserted in the lease was harmless, as it did not require the plaintiff to yield possession in case of a sale, but merely gave to the landlord the right to sell, and thereby transfer his interest in the rents. If that is the true construction, the lease secured to the tenant a term of five years at any rate, which was not contemplated by either party. But the right of sale reserved to the landlord was on condition that the tenant should be allowed to harvest what he had then sown; which clearly implies that he was to give up possession, reserving the right to take off his growing crops. And as he had not sowed when the sale took place, he had no right to take possession without the consent of the purchaser. Edick applied to the purchaser for the privilege of working the part of the farm which he purchased, but he let it to another person."

We think the judgment should be affirmed.

*W. F. Cogswell*, for the appellant. *J. Van Voorhis*, for the respondent.

Opinion by SMITH, J.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment affirmed.